*Twenty-first Judicial District.*

In the Court of Common Pleas of Schuylkill County.

## IN THE MATTER OF THE CITATION TO JOHN J. WEBER, RECORDER OF DEEDS.

A petition having been presented by the sureties of the recorder of deeds, alleging misconduct on the part of that officer, and their liability to loss, and praying for a citation to that officer to file a new bond, and for the discharge of said sureties from responsibility. *Held :* That the 1st section of the act of 21st April, 1846, entitled "An act in relation to certain public officers and their sureties," on which said application was based, does not authorize such a proceeding on the part of sureties against their principal.

Opinion delivered July 21, 1873, by

PERSHING, P. J. Ernst F. Jungkurth and Adam Kull have presented their petition setting forth, that John J. Weber was duly elected the recorder of deeds for the county of Schuylkill, and entered on the discharge of his duties on the first Monday of December, 1872 ; that he gave two several bonds to the commonwealth in the sums respectively of £1,000, and $1,666.66, conditioned according to law and in both of which the petitioners are his sureties : that since the execution and approval of these bonds the said John J. Weber has become liable for neglect of duty in not conducting the duties of said office legally and properly, in neglecting to make the proper entry and record of instruments presented for record, and in giving false certificates of search to parties, thereby rendering the petitioners liable for the penalty of said bonds, by which they will suffer loss by reason of the misconduct of said officer.

Petitioners pray for a citation to issue to said John J. Weber to answer said petition, and to show cause why he shall not give other and further security, and the petitioners be discharged. The petition is verified by affidavit. In his answer, John J. Weber specifically denies the allegations of the petitioners as to the neglect of duty in conducting said office. He further denies, that his said sureties have incurred any liability to loss by reason of his misconduct or neglect as an officer. He alleges that he is, and has been, ready and willing to give other and further security to the petitioners, whenever it shall appear that any damage has been, or shall be suffered, or any liability for the penalty of said bonds has been incurred, or any loss sustained by the relator. Respondent admits that a certificate of search made for D. C. Henning, Esq., by one of the employees in the office, omitted a mortgage for the sum of $800, against one Lewis Harris, but alleges that the omission was caused by a defective index, made by one of his predecessors : that the error was corrected, and that no loss has occurred, or can occur, or any liability accrue to his said sureties in consequence of this omission, and that he has properly entered and recorded all instruments left in the office for that purpose. The right

of the sureties to institute this proceeding, and on proof of the facts alleged, have themselves discharged, depends upon the construction of the first section of the act of 21 of April, 1846, entitled, "An act relating to certain public officers and their sureties." Purdon's digest 1101; pl. 23. In this section it is provided that "The court of common pleas of the county in which any prothonotary, sheriff, brigade inspector, county treasurer, or other public officer may reside, from whom, by law, security is required for the performances of his official duties, shall have the power to examine into the manner of the performance of said official duties, and the ability and solvency of the sureties of any such officer, at any time during his tenure of office, and to require from him such other or such additional security, for the performance of his official duties, as they shall deem expedient; and such jurisdiction shall be exercised in the following manner, to wit: whenever any person or persons shall apply to said court by petition, verified by affidavit, and setting forth that the solvency of such public officer, or of any one or more of his official sureties, has become impaired or diminished since the execution and approval of their official bond, or that such officer has become liable for neglect of duty, or has become a drunkard, and that the (by) reason thereof, the said officer and his sureties are not worth the amount of penalty of his said bond, or that · said sureties are likely to suffer loss on account of misconduct of such officer; it shall be lawful for said court, or any judge thereof, in vacation, to award a citation to such officer and his sureties directed, commanding them to appear at the next term of said court, to answer the matters alleged in said petition, and show cause why the said officer shall not give other and further security, and on the return thereof, or such time as shall be fixed for the purpose, the said court shall hear the said parties and examine the facts of the case. And if said court shall be satisfied that the sureties of such officers are insufficient, or have become liable for neglect of duty of such officer, or likely to become so from his intemperance, said court shall order and direct that he shall, within such time as shall be fixed by said court, enter into a new official bond, with sureties to be approved by the court, or two of the judges thereof, in lieu of the former bond; and further providing, that upon the approval of the new bond, the sureties in the original bond shall "be discharged from all responsibility." Of the several grounds mentioned in this section on which the action of the court may be invoked, the only one specified in the petition is that of neglect of duty on the part of the recorder of deeds, involving his sureties in consequent loss. It would require a very liberal construction of this section to make it sustain this application. In this case the sureties have a citation issued to their principal alone; the citations authorized by this section is to be directed to the officer *and* his sureties, commanding *them* to appear, &c. This plainly implies that the petitioning party or parties, must be other than the sureties. The act was intended for the protection of the public, as when the officer by official misconduct had involved himself

and his sureties to the amount of his bond, or the sureties, or either of them, had become involved, so that from the time this state of things was reached, the bond already filed was no longer a protection to those whose interests might be affected.

This view is strengthened from the reading of the latter part of this section, where the circumstances under which the court is authorized to take action are distinctly stated. If the court shall be satisfied "that the sureties of such officer are insufficient, or have become liable for neglect of duty of such officer, or likely to become so from his intemperance," then the court shall order and direct that a new bond be filed, &c. The language here is a adapted to a proceeding, where parties are pursuing a remedy against an officer and his sureties, but will not harmonize with an application made by the sureties, to be discharged from the legal obligations they voluntarily took upon themselves.

When the legislature intends to make provision for a surety, that intention is expressed in no doubtful phraseology. Thus, where any executor, administrator or guardian is mismanaging the estate committed to his care, or is likely to prove insolvent, or has neglected his duty in other respects, the 28 sec. of the act of 29 March 1832. (Purdon's dig. 454; pl. 240,) provides that any surety, in such cases, may apply to the orphans' court, and thereupon the court may order such executor, guardian or administrator, to give counter securities to indemnify the surety making complaint against loss, by reason of his suretyship.

The 5th section of the same act, of which the 1st section is made the foundation for the application in this case, seems conclusively to establish, that the first section was not intended to provide a way, by which sureties could issue a citation to their principal, and as a result relieve themselves from liability. The 5th section provides "whenever upon petition, and due proof, if it shall be made appear to the court of common pleas of the proper county, that any justice of the peace or alderman of any city or county, is likely to become insolvent, or that any surety of any justice or alderman has removed from the State, or has become insolvent, or is likely to become insolvent ; and when upon the petition of any surety of any justice or alderman, and proof as aforesaid, it shall appear such justice or alderman has become, or is likely to become insolvent, such court (or judge thereof in vacation, by §9 of the act of May 8, 1850), may require any such justice or alderman to give security, or additional security, or counter security, to indemnify the surety so petitioning against loss, by reason of his suretyship, as the case may be," &c. Now, if the legislature intended the 1st section to afford such a remedy for the sureties of a recorder of deeds, as they have provided in the 5th section for the sureties of a justice, it must be confessed they have very obscurely indicated in the first case, what is stated with great clearness in the second. Why not provide for the sureties, petitioning the court in one case, as well as in the other, when both classes are embraced in the same statute, if it was inten-

ded to furnish by the 1st section, such a remedy as that claimed' in this proceeding?

As to the facts: It does not appear that the recorder has failed to account to the State for any moneys received by him belonging to the treasury of the commonwealth.

The state treasurer, may, whenever the occasion demands it, require a new bond for the protection of the State. Act May 18, 1857, sec. 81, Pur. Dig. 1102, pl. 25. We think the evidence discloses some want of care in the conduct of the office, which may be attributable, as argued by counsel, to the fact that Mr. Weber was a new officer, and compelled at the start to depend upon others. The omission to certify one mortgage is admitted, and some evidence was offered to show that in another certificate a mortgage for a much larger amount, $50,000, was left out. The certificate itself was not produced, and no sufficient ground was laid to authorize secondary evidence of its contents. Advantage of any omission to certify can only be taken by the party to whom the erroneous certificate is issued. 6 Phila. Rep. 90. It appears that both of these omissions were discovered in time to prevent the parties who received the certificates from being misled. We are not satisfied that the sureties of Jacob J. Weber are insufficient, or that they have become liable for neglect of duty on his part, or are likely to become so from his intemperance, and, until one or all of these things can be established, we cannot take action; even if it is conceded that the law will cover the case of an application made by sureties of an officer, and the issuing of a citation to him alone.

As having some bearing upon the question of construction, we may refer to Smith's Forms of Procedure, page 542, *et seq.* The citation is dismissed.

For the petitioners, *Jno. W. Bickel*, Esq., and Hon. *F. W. Hughes*. For the respondent, *C. N. Brumm, F. W. Bechtel*, and *J. W. Ryon*, Esqrs.